ZALLER LAW GROUP, PC
Anthony Zaller, 224844
azaller@zallerlaw.com
Anne McWilliams, 129264
amcwilliams@zallerlaw.com
999 N. Pacific Coast Highway, Suite 525
El Segundo, California 90245
Telephone: (323) 592-3505
Facsimile: (323) 592-3506

Attorneys for Defendant
BIRDS BAR & CAFÉ, LLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER, an individual, | Case No. 2:19-cv-07405-ODW (GJSx) |
| Plaintiff, | Hon. Otis D. Wright, II |
| vs. | **DEFENDANT'S REPLY TO PLAINTIFF'S OSC RESPONSE RE: SUPPLEMENTAL JURISDICTION** |
| BIRDS BAR & CAFÉ, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND DOES 1-10, inclusive, | |
| Defendants. | Action Filed:  August 08, 2019 |
| | Trial Date:    None Set |

Defendant BIRDS BAR & CAFÉ, LLC ("Defendant") submits the following reply to Plaintiff Brian Whitaker's ("Plaintiff") Response to this Court's Order to Show Cause why the Court should exercise supplemental jurisdiction over the Unruh Action claim asserted in the Complaint. [#9.]

Plaintiff is a "high frequency litigant" alleging trivial and minor and easily-corrected construction-based violations of the Americans With Disability Act ("ADA") against small businesses up and down the state of California in hopes that the claims will yield quick settlements.  Plaintiff appears to have filed 373 of the same type of complaints in the Central District in 2019 alone.[1] 30 of those cases were assigned to this Court.

Here, the Complaint alleges architectural barriers in violation of the ADA and the California Unruh Civil Rights Act ("Unruh Act"). In particular, Plaintiff alleges that the tables in Defendant's small restaurant in Los Angeles, California are too high. (#1, Complaint, ¶¶ 10 – 17.) If any such violation exists, Defendant intends to immediately rectify the condition.  In that event, Plaintiff's claims under the ADA will be moot.

This Court should decline supplementary jurisdiction over Plaintiff's state-law claim for at least three of the four statutory grounds exist for declining supplemental jurisdiction under 28 U.S.C. § 1367(c).

## 1.  Plaintiff's State-Law Claims Raise Novel And Complex Issues Of State Law.

Courts have recognized that claims under the Unruh Act raise novel and complex issues of state law. As the court in *Grutman v. The Regents of the University of California,* 807 F.Supp.2d 861 (N.D. Cal. 2011) explained the way in which damages are calculated presents novel and complex issues of state law:

"Here, the Court declines to exercise supplemental jurisdiction because Plaintiffs claim raises novel and difficult questions of state law, the resolution of which will have signification implications for enforcement of the [California Unruh Civil Rights Act]. In particular, the results of this and similar litigation will be dramatically different depending on whose interpretation of Section 52(a) the

---

[1] A September 9, 2019 print out from PACER shows all cases brought by Plaintiff in the Central District is attached hereto as Exhibit 1. A search of available California state court dockets for cases filed by Plaintiff showed no results.

Court adopts...neither the case law nor the legislative history offered by Defendant as to the 2008 amendment require that the Court find that a plaintiff who encounters architectural barriers on a daily basis in her residence should be treated differently from plaintiffs who encounter architectural barriers, over a series of visits, to other types of business establishments. The court notes also that the tension between *Doran* and *Botosan* as to whether daily damages are available under Section 52 is salient in this case ...under these circumstances, the Court concludes that this is a matter of state law that is better left to the California courts to decide." *Id.* at 870.

Likewise, the SB 1186 amendments to Plaintiff's state-law claims also present novel and complex issues regarding how damages are calculated. These amendments were adopted to "address the misuse of Sections 52 and 54.3 of the Civil Code by a small minority of disability rights lawyers and plaintiffs…[who] stack[ ] multiple claims for the same construction-related accessibility violation on different occasions…to substantially increase the purported statutory liability of a defendant in order to intimidate and pressure the defendant into making a quick monetary settlement." Cal. Civ. Code § 55.56, 2012 Note. Under these amendments, "a plaintiff's conduct must have a reasonable explanation for the asserted need for multiple visits to a site where known barrier violations would deny full and equal access, in light of the obligation to mitigate damages." *Id.*

Here, Plaintiff alleges that he intends to return to the subject premises and to identify and to seek damages for each violation on the subject premises. (#1, Complaint, ¶¶ 18 and 19.)

Multiple other district courts recognize that unresolved state-law issues are a proper basis to decline to exercise supplemental jurisdiction. See, e.g., *Molski v. EOS Estate Winery*, 2005 WL 3952249 (C.D. Cal. 2005); *Jankey v. Beach Hut*, 2005 WL 5517235 (C.D. Cal. 2005); *Molski v. Hitching Post I Rest., Inc.*, 2005 WL 3952248 (C.D. Cal. 2005); *Molski v. Mandarin Touch Restaurants*, 359 F.Supp.2d 924 (C.D.

-3-

Cal. 2005); *Molski v. Kahn Winery*, 381 F.Supp.2d 1209 (C.D. Cal. 2005); *Sanford v. Del Taco*, 2006 WL 1310318 (E. D. Cal. 2006).

### 2. Plaintiff's State-Law Claims Substantially Predominate Over His ADA Claim.

The statutory damages available to Plaintiff under the Unruh Act substantially predominate over the injunctive relief available under the ADA. Plaintiff seeks $4,000.00 in damages for each and every offense of the Unruh Act. (# 1, Complaint, ¶¶ 18 and 19.) If Plaintiff proves the violations he would be entitled to $4,000 for each violation. In sharp contrast, Plaintiff is only entitled to injunctive relief and attorneys' fees under the ADA. Given the disparity in available remedies, Plaintiff's state claim substantially predominates over his federal claim.

Courts have recognized that a plaintiff's state-law claims for monetary damages substantially predominate over his claim for injunctive relief under the ADA, providing yet another ground for declining supplemental jurisdiction. "State law claims have become the tails that wag the dog of federal ADA litigation." *Gunther v. Lin*, 144 Cal.App.4th 223, 256 (2006). "[E]nterprising plaintiffs (and their attorneys) have found a way to circumvent the will of Congress by seeking money damages while retaining federal jurisdiction." *Molski v. Mandarin Touch Rest.*, 347 F.Supp.2d 860, 862-63 (C.D. Cal. 2004). As explained by one district court:

"While Plaintiff has pleaded a federal claim as a jurisdictional hook to maintain the action in federal court, the case centers on Plaintiff's claim for damages which are recoverable only under the state law claims…Even though Plaintiffs have submitted a notice of voluntary limitation of damages, seeking only an award of $4,000 to Molski and $1,000 to [co plaintiff that is an association], it is still clear that the claim for damages is the predominant focus of this lawsuit. Further, since the state law claims provide for injunctive relief, the federal claim adds nothing to the lawsuit that could not be obtained in Superior

-4-

Court. Accordingly, Plaintiffs' state law claims substantially predominate over the federal ADA claim.

*Molski v. EOS Estate Winery*, 2005 WL 3952249, *4 (C.D. Cal. 2005); see, e.g., *Pinnock v. Safino Designs, Inc.*, 2007 WL 2462107, *4 (S.D. Cal. 2007) ("Given the disparity in terms of comprehensiveness of the remedy sought, state law claims substantially predominate over the ADA for purposes of 28 U.S.C. § 1367(c)(2)"); *Molski v. EOS Estate Winery*, 2005 WL 3952249, *4 (C.D. Cal. 2005); *Molski v. Hitching Post I Rest., Inc.*, 2005 WL 3952248, *4 (C.D. Cal. 2005); *Singletary v. The Brick Oven Rest.*, 406 F.Supp.2d 1120, 1130-31 (S.D. Cal. 2005).

Furthermore, Plaintiff has placed Defendant's intent at issue (#1, Complaint at ¶ 19 [the barriers and violations are "obvious and blatant"]), which when combined with the amount of monetary relief sought, strongly suggests the Unruh Act claim substantially predominates. Intentional discrimination is unnecessary to establish a violation under the ADA. However, intentionality is relevant to Plaintiff's state law claim because it allows Plaintiff to maintain an independent action under the Unruh Act. *See Earll v. eBay, Inc.*, No. 5:11-CV-00262-JF HRL, 2011 WL 3955485, at *3 (N.D. Cal. Sept. 7, 2011) ("A violation of the Unruh Act may be maintained independent of an ADA claim where a plaintiff pleads intentional discrimination in public accommodations in violation of the terms of the Act.").  Resolution of the issue of intentional discrimination "entails application of state-law standards." *Schutza v. McDonald's Corp.*, 133 F.Supp.3d 1241, 1247 (S.D. Cal. 2015) (finding that plaintiff's allegations of intentional discrimination was one of the main reasons why plaintiff's state law claims substantially predominated over his ADA claim). Thus, Plaintiff's allegation of intentional discrimination bolsters the conclusion that his Unruh Act claim substantially predominates over his ADA claim.

For these additional compelling reasons, the Court should decline supplemental jurisdiction over Plaintiff's Unruh Act claim.

ZALLER LAW
GROUP, PC

### 3.  Other Compelling Reasons for Declining Jurisdiction Exist

Other compelling reasons for declining jurisdiction exist here because: (1) Plaintiff is forum shopping and frequently files suits like this in federal court, (2) comity obliges the court to allow California courts to interpret California law, and (3) allowing federal courts to hear state law disability claims actually frustrates the purpose of federal law.

Plaintiff's consistent choice of venue in federal court appears to be an attempt to sidestep California's efforts to curtain actions like this one. Indeed, Plaintiff has provided none of the disclosures required by California law.  In 2012, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act, including provisions requiring high-frequency litigants to verify and specify their allegations.  Cal. Code Civ. Proc. § 425.50. The purpose of these heightened pleading requirements is to deter baseless claims and vexatious litigation. *See e.g.*, SB 1186, Chapter 383 § 24 (Ca. 2012).

Plaintiff appears to have filed 373 of these cases alleging disability discrimination in this District in 2019 alone. As a high-frequency litigant primarily seeking relief under state law, it would be improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements. Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court should decline supplemental jurisdiction over Plaintiff's Unruh Act claim. *See Cross v. Pac. Coast Plaza Invs., L.P.*, No. 06 CV 2543 JM RBB, 2007 WL 951772, at *5 (S.D. Cal. Mar. 6, 2007) (declining to exercise supplemental jurisdiction over plaintiff's Unruh Act claims in the interest of comity and noting this interest has become more compelling "as the courts struggle to resolve what is at the moment an irreconcilable tension between the ADA and the Unruh Act"); *Hitching Post I Rest.*, 2005 WL 3952248 at *8–9 (finding comity to be a compelling reason for declining supplemental jurisdiction over state claims on the ground that California courts should have the ability to interpret state disability laws).

-6-

Similarly, Plaintiff is engaging in forum-shopping by bringing his action in federal court and attempting to avoid California's heightened pleading requirements for disability discrimination claims. It is unclear what advantage—other than avoiding state-imposed pleading requirements—Plaintiff gains by being in federal court since his sole remedy under the ADA is injunctive relief, which is also available under the Unruh Act. Federal courts may properly take measures to discourage forum-shopping, *see, e.g.*, *Hanna v. Plumer*, 380 U.S. 460, 467–68, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), and here, where Plaintiff has filed over 350 cases in the Central District alone in less than ten months, there is a compelling reason to decline supplemental jurisdiction. *See, e.g.*, *Brick Oven Rest.*, 406 F.Supp.2d at 1132 ("Because a legitimate function of the federal courts is to discourage forum shopping and California courts should interpret California law ... compelling reasons exist to decline supplemental jurisdiction over plaintiff's state law claims.").

Lastly, statutory damages are not automatic upon a violation of the Unruh Act. To be entitled to statutory damages, Plaintiff must prove that he "personally encountered the violation of a construction-related accessibility standard, and whether r Plaintiff can prove difficulty, discomfort, or embarrassment requires an understanding of how California state courts handle such issues. Thus, the state court is best suited to take up Plaintiff's claim under the Unruh Act. *See Danner v. Himmelfarb*, 858 F.2d 515, 524 (9th Cir. 1988) ("[P]rinciples of comity will be well-served by allowing the state courts to resolve claims solely of state law.").

Because considerations of judicial economy and comity, this Court should decline to exercise supplemental jurisdiction and dismiss Plaintiff's Unruh Act claim.

Dated: September 18, 2019        ZALLER LAW GROUP, PC

By: *s/Anne McWilliams*
Anthony J. Zaller
Anne McWilliams
Attorneys for Defendant
BIRDS BAR & CAFÉ, LLC

-7-